UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. FOX, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-02153 AC P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner at the California Medical Facility (CMF), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 6. For the following reasons, plaintiff's request to proceed in forma pauperis is granted but the undersigned recommends that this action be dismissed as frivolous.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

### III. Screening of Plaintiff's First Amended Complaint

#### A. Legal Standards for Screening Prisoner Civil Rights Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim

2

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. Plaintiff's Allegations

Plaintiff alleges that he is handicapped and housed in a single cell. Plaintiff contends that defendants CMF Warden Fox and Chief Psychologist Silbaugh have allowed an unidentified "former CDCR incarcerated defendant" to repeatedly enter plaintiff's cell at night to destroy his personal and legal property and to physically hurt plaintiff. ECF No. 1 at 3-5. Plaintiff also alleges that "CDCR intentionally placed a computer programmer eye lens" into plaintiff's right eye to control plaintiff's brain. Id. at 4. Plaintiff has exhausted his administrative remedies, which respond to plaintiff's similar allegations. Id. at 6-17. CDCR staff repeatedly investigated plaintiff's allegations and determined that plaintiff's cell door remains locked and secure at all relevant times. Id. at 7. In this action, plaintiff wants his personal belongings replaced, his legal documents returned in good condition, and a stop put to his abuse. Id. at 6.

C. Analysis

The undersigned finds plaintiff's allegations "fanciful," "fantastic" and/or "delusional," lacking "an arguable basis either in law or in fact," and therefore legally frivolous. Neitzke v. Williams, 490 U.S. 319, 325, 328 (1989). Plaintiff has filed three similar complaints in this court, each dismissed as frivolous. See Chinsami v. Fox, Case No. 2:16-cv-2461 EFB P (E.D. Cal.), Chinsami v. Singh, Case No. 2:14-cv-461 EFB P (E.D. Cal.), and Chinsami v. Silbaugh, Case No. 2:12-cv-2202 DAD P (E.D. Cal.).

The undersigned also finds that further amendment of the instant complaint would be

futile. The court is persuaded that plaintiff is unable to allege any additional facts that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend because legally frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2019

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE